UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
JEFFREY PETRARCA,                  )
                                   )
    Plaintiff                      )
                                   )
        v.                         )   C.A. No. 18-454-WES
                                   )
GARRISON PROPERTY AND CASUALTY     )
INSURANCE COMPANY,                 )
                                   )
    Defendant.                     )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant's Motion to Dismiss Counts II, III, and VI of the Amended Complaint (ECF No. 6), in response to which Plaintiff has filed an Objection (ECF No. 7). For the reasons stated below, Defendant's Motion is granted in part and denied in part.

I. Factual Background

This case arises out of a motor vehicle accident that occurred on April 28, 2016. Am. Compl. ¶ 5, ECF No. 1-3. Plaintiff claims that he obtained a policy from Defendant that included uninsured and underinsured motorist coverage and that Defendant has refused to pay Plaintiff the fair value of his claim under that policy. See Am. Compl. ¶¶ 7-11. Plaintiff asserts six counts in his Amended Complaint (ECF No. 1-3): Breach of Contract (Count I); Breach of the Covenant of Good Faith and Fair Dealing (Count II); Tortious

1

Breach of the Implied Covenant of Good Faith and Fair Dealing (Count III); Common Law Bad Faith (Count IV); Bad Faith – R.I. Gen. Laws § 9-1-33 (Count V); and Unfair Trade Practices - R.I. Gen. Laws § 6-13.1-5.2 (Count VI). See id. Defendant has moved to dismiss Counts II, III, and VI for failure to state a plausible claim for relief.

II. Legal Standard

To survive a motion to dismiss, the complaint need not set for detailed factual allegations, but must set forth only a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."); see also Flock v. U.S. Dept. of Transp., 840 F.3d 49, 54 (1st Cir. 2016). In assessing whether the complaint meets the plausibility standard, the Court must "construe all factual allegations in the light most favorable to the non-moving party." Wilson v. HSBC Mortgage Servs., Inc., 744 F.3d 1, 7 (1st Cir. 2014). Because this case invokes diversity jurisdiction, the Court applies the substantive law of the state of Rhode Island. See Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 5 (1st Cir. 2011) ("[A] federal court sitting in diversity must apply the substantive law of the forum state.") (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).

III. Discussion

Defendant argues that the Court should dismiss Count II because "there is no separate, independent tort for breach of the duty of

good faith and fair dealing when a breach of contract is alleged." Def.'s Mot. Dismiss 7, ECF No. 6. Even if this is true, it is not a valid basis for dismissal under Rhode Island law. See R.I. Econ. Dev. Corp. v. Wells Fargo Sec., LLC, 2013 R. I. Super. LEXIS 165 *97-98 ("[A] Motion to Dismiss tests the sufficiency of the Complaint, whereas an argument that a claim is duplicative is essentially an argument that the Complaint contains too much."). On a motion to dismiss, the Court is "merely testing the sufficiency of the Complaint," not considering "once count's effect of another." Id. at *100-101. Rather, a defendant's arguments that claims are "duplicative" is better suited to a motion to strike or a motion for summary judgment. Id. at *98. Defendant acknowledges as much in its Motion. Def.'s Mot. 7 n.1 (conceding that Rhode Island courts have refused to dismiss claims even when they were duplicative of other claims). Accordingly, dismissal of Count II is neither necessary nor appropriate at this stage.

Defendant next argues that the Court should dismiss Count III because it is duplicative of Counts IV and V, which allege bad faith under Rhode Island common law and R.I. Gen. Laws § 9-1-33, respectively. See Def.'s Mot. Dismiss 7, ECF no. 6. Once again, redundancy is not, in itself, a sufficient basis for dismissal at this stage. R.I. Econ. Dev. Corp., 2013 R. I. Super. LEXIS 165 at *100. Additionally, however, the Court notes that Count III actually alleges a claim for bad faith refusal to pay an insurance claim,

3

which the Rhode Island Supreme Court has specifically recognized an independent cause of action sounding in tort. See Bibeault v. Hanover Ins. Co., 417 A.2d 313, 319 (R.I. 1980) ("[A]n insurer doing business in Rhode Island is obligated to act in good faith in its relationship with its policyholders. A violation of this duty will give rise to an independent claim in tort[.]"); Skaling v. Aetna Ins. Co., 799 A.2d 997, 1006 (R.I. 2002) (recognizing the continued vitality of the common law tort of insurer bad faith under Bibeault).

"To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." Bibeault, 417 A.2d at 319 (quotations omitted). Here, Plaintiff alleges: that Defendant "refus[ed] to properly compensate Plaintiff for his injuries sustained in the underlying accident"; that Defendant owed Plaintiff "a fiduciary-like duty" as Plaintiff's insurance company; that Defendant's "refusal to make adequate payments to Plaintiff was . . . without a reasonable basis in fact or law"; and that "Plaintiff sustained damages in excess of the . . . policy limits as a result of Defendant's breach[.]" Am. Compl. ¶¶ 17, 38-40. These allegations state a plausible claim for relief under Bibeault and its progeny.

Finally, Plaintiff appears to concede that he cannot prevail on Count VI. Count VI alleges that Defendant engaged in unfair trade

4

practices in violation of Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-2 ("DTPA") by failing to properly settle Plaintiff's claim. See Am. Compl. ¶ 54. The DTPA declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." R.I. Gen. Laws § 6-13.1-2. However, this statutory cause of action does not exist when the Defendant's challenged actions are subject to federal or state regulation. R.I. Gen. Laws § 6-13.1-4 ("Nothing in this chapter shall apply to actions or transactions permitted under laws administered by the department of business regulation or other regulatory body or officer acting under statutory authority of this state or the United States."); State v. Piedmont Funding Corp., 382 A.2d 819, 822 (1978) (holding that the plain language of the statute "clearly exempted from the [DTPA] all those activities and businesses which are subject to monitoring by state or federal regulatory bodies or officers").

The motor vehicle insurance policy at issue here is regulated by Rhode Island's Department of Business Regulation. See R.I. Gen. Laws § 42-14-2 ("It shall be the function of the department of business regulation to license, regulate and control all areas as required by this chapter[.]"); R.I. Gen. Laws § 42-14-4 ("Within the department of business regulation there shall be a division of financial services that oversees the regulation and control of banking and insurance and such other matters within the jurisdiction

5

of the department as determined by the director.") (emphasis added); R.I. Gen. Laws § 27-7-2.1 (stating that certain policy limits for "uninsured motorist coverage" require the insured to "sign[] an advisory notice approved by the director of business regulation"); see also 15 U.S.C. § 1012 ("The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business."). Accordingly, Plaintiff's DTPA claim against Defendant fails as a matter of law "'because the conduct at issue was clearly subject to the control of governmental agencies [and therefore] it is within the exemption provision and not subject to the mandates of the [DTPA].'" Lynch v. Conley, 853 A.2d 1212, 1214 (R.I. 2004) (quoting Piedmont, 382 A.2d at 822).

IV. Conclusion

For the reasons stated herein, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 6) as to Count VI and DENIES that motion as to Counts II and III.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: April 2, 2019